IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>LINES OF COMMUNICATION, INC.; LINES OF COMMUNICATION, INC. 401(K) PLAN; and SCOTT BENSON, an individual;<br><br>　　　　　　　　　*Defendants*. | Case No. 8:22-cv-182<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (a)(5), 29 U.S.C. § 1132(a)(2) and (a)(5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Lines of Communication, Inc. 401(k) Plan (the "Plan") is an employee benefits plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies properly in the United States District Court for the District of Nebraska, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in Omaha, Nebraska, which is within this district.

## DEFENDANTS

5. The Plan was administered by Lines of Communication, Inc. ("Lines of Communication" or the "Company"), which was incorporated in the State of Nebraska effective September 11, 1990.

6. The Plan is a defined contribution retirement savings plan, and was established by the Company on January 1, 1996.

7. The Plan is named as a Defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

8. At all relevant times herein, Defendant Lines of Communication was Plan Sponsor and Plan Administrator for the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

9. At all relevant times herein, Defendant Scott A. Benson ("Defendant Benson") was the President, Secretary, Treasurer, Director, and sole owner of Lines of Communication; and was Plan Trustee for the Plan.

10. Defendant Benson exercised discretionary authority and control respecting the management and disposition of the Plan's assets, and over the management and administration of the Plan, and, thus, was a fiduciary of the Plan, within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii); and was also a party in interest to the Plan, within the meaning of ERISA § 3(14)(A), (E), and (H) 29 U.S.C. § 1002(14)(A), (E), and (H).

11. Upon information and belief Defendant Benson controlled the Company's accounts, including the Plan assets that were commingled with the Company's accounts.

## COUNT I
### (Failure to Remit Employee Salary Deferral Contributions and Participant Loan Repayments to the Plan)

12. The Secretary re-alleges and incorporates the preceding Paragraphs, *inter alia*, as if fully set forth herein.

13. The Plan's governing documents provided, in pertinent part, that participants could make pre-tax contributions to the Plan from their compensation.

14. The Plan's governing documents provided that its participants could obtain participant loans from their individual Plan accounts.

15. From at least February 13, 2015, through February 10, 2017, Defendant Lines of Communication withheld at least $49,512.65 from its employees' pay as salary deferred contributions and an additional $6,535.00 in participant loan repayments, intended for the Plan. Defendant Lines of Communication retained the withheld employee salary deferral contributions and participant loan repayments in its bank account, never remitted them to the Plan, and used them to pay its own expenses.

16. At all relevant times herein, Defendant Benson exercised authority and control over whether Lines of Communication remitted withheld employee salary deferral contributions and participant loan repayments to the Plan.

17. As Trustee to the Plan, Defendant Benson failed to ensure that the employees' salary deferral contributions and participant loan repayments to the Plan were remitted to the Plan.

18. Based on the facts described within this Count, Defendants Lines of Communication and Benson:

    a. failed to hold all assets of the Plan in trust in violation of ERISA § 403(a), 11 U.S.C. § 1103(a);

    b. permitted the Plan's assets to inure to the benefit of the Company and failed to hold them for the exclusive purpose of providing benefit to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    c. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    d. failed to discharge their duties with respect to the Plan with the requisite degree of care, skill, prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

  e. failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  f. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  g. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

  h. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

19. As a direct and proximate result of Defendants Lines of Communication and Benson's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A. permanently enjoining Defendants Lines of Communication and Benson from violating the provisions of Title I of ERISA;

B. permanently enjoining Defendants Lines of Communication and Benson from serving or acting as fiduciary or service provider to any ERISA-covered employee benefits plan and removing them from any position they now hold as fiduciary to the Plan;

C. ordering Defendants Lines of Communication and Benson to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D. requiring Defendants Lines of Communication and Benson to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

E. ordering Defendants Lines of Communication and Benson to correct the prohibited transactions in which they engaged;

F. awarding the Secretary the costs of this action; and

G. ordering such other just and proper relief as this Court deems just and appropriate.

Dated: May 17, 2022

| | |
|---|---|
| **SEEMA NANDA**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VANWIJK**<br>Associate Regional Solicitor | s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Attorney (Mo. Bar No. 62509)<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 10100<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>Richardson.Boyce.N@dol.gov<br>sol.kc.docket@dol.gov<br><br>Attorneys for the **Secretary of Labor** |