IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

MARTIN J. WALSH,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT
OF LABOR,

                   *Plaintiff*,

    v.

LINES OF COMMUNICATION, INC.; LINES
OF COMMUNICATION, INC. 401(K) PLAN;
and SCOTT BENSON, an individual;

                   *Defendants*.

Case No. 8:22-cv-182

CONSENT ORDER AND JUDGMENT

## CONSENT ORDER AND JUDGMENT

Pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), filed a Complaint against Defendants Lines of Communication, Inc., and Scott Benson, individually (collectively, "Defendants"), alleging breaches of their fiduciary responsibilities under ERISA with respect to the Lines of Communication, Inc. 401(k) Plan (the "Plan"). The Plan was named in the Secretary's Complaint as a party necessary for complete relief pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Defendants have waived service of process of the Complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

Defendants and the Secretary have agreed to resolve all matters in controversy in this action between them and said Parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

1

Upon consideration of the record herein, and as agreed to by the Parties, the Court finds it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1.      Defendants Lines of Communication, Inc. and Scott Benson are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001, *et seq.*

2.      Defendants Lines of Communication, Inc. and Scott Benson are liable to the Plan in the total amount of **$70,979.55** representing $49,512.65 in unremitted employer contributions to the Plan, $6,535.00 in unremitted loan payments to the Plan, and $14,931.90 in lost opportunity costs to the Plan. In reliance on the representations made by Defendant Benson in the documents provided by him to the Secretary, which demonstrate he is currently unable to immediately pay the Plan the total amount of $70,979.55, the Secretary agrees to forbear immediate collection of the entire restitution amount and agrees that Defendant Benson shall pay the entire restitution amount in accordance with the following schedule: Within 30 days of the entry of this Consent Order and Judgment, Defendant Scott Benson shall make an initial payment of **$20,000**, divided *pro rata* among the ten participants in the Plan, followed by, in accordance with the provisions and parameters of Paragraph 3, additional *pro rata* payments directly to the Plan participants, in the amounts set forth in **Attachment A**. This amount, and any subsequent amounts paid *pro rata* pursuant to the provisions and parameters of Paragraph 3, represent a complete settlement of all of the Secretary's claims asserted in this action against Defendants, with the exception of any civil money penalties specifically required under § 502(l) of ERISA, 29 U.S.C. § 1132(l), and described in Paragraph 5 of this Consent Order and Judgment. Within thirty (30) days after completion of any **Attachment A** payment made in accordance with this Paragraph and Paragraph 3, Defendants

2

shall provide the Secretary with satisfactory proof of payment by submitting documents to the Regional Director, Employee Benefits Security Administration.

3.      Should Defendant Benson's individual income ever increase at an amount in excess of (Present Benson Salary x 1.25) on a *per annum* basis, in any year, for a period of five (5) calendar years, commencing January 1, 2022, Defendant Benson agrees to made additional *pro rata* payments, in accordance with the amounts identified in **Attachment A**, at a rate of ((New Benson Salary – (Present Benson Salary x 1.25)) / 2). For example, if Defendant Benson's individual income is $50,000, and such income increases to $75,000 in 2023, the formula would be (($75,000 – ($50,000 x 1.25)) / 2), and Defendant Benson would be required to allocate an additional $6,250 *pro rata* to the Plan participants that year. Nothing herein shall prevent Defendant Benson from making payments to the Plan on an accelerated basis.

4.      Following the completion of all payments set forth in Paragraph 2, Paragraph 3, and **Attachment A**, or the expiration of the five-year period identified in Paragraph 3, Defendant Scott Benson shall immediately be removed as fiduciary of the Plan, including his position as Plan Administrator and Trustee, and shall be permanently enjoined from serving or acting as fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

5.      Within thirty (30) days following the completion of all payments set forth in Paragraph 2 and **Attachment A**, and in accordance with the terms of Paragraphs 2 and 3 herein, Defendants agree to pay **$14,195.91** in civil money penalties as assessed by the Department of Labor pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). Defendants waive the notice of assessment and service requirements of 29 C.F.R. § 2570.83 for all payments required under this Consent Order and Judgment. Defendants agree to pay said penalty as directed by an assessment letter to be issued by the Secretary to Defendants following the final payment to the Plan participants

pursuant to Paragraph 2 of this Order, except to the extent they timely seek and are granted a waiver as a result of financial hardship pursuant to ERISA § 502(l)(3)(B) as determined in the Secretary's sole discretion, and Defendants agree to waive any other defenses or appeals if any such financial hardship waiver is denied or if he or she fails to seek said waiver within the time set forth in the assessment letter; and this Judgment or a copy thereof can be used as evidence of his or her waiver of further defenses or appeals pursuant to ERISA § 502(l). The 502(l) payment shall be paid to either of the following addresses:

<u>Standard (Regular U.S. Mail) Remittance Address:</u>
ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

or

<u>Express Mail or Commercial Overnight Delivery Address</u>
U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97320

The check will be made payable to the United States Department of Labor and will reference EBSA Case No. 60-108404.

6.      Should Defendant Scott Benson fail to make the $20,000 payment set forth in Paragraph 2, or any payment required in accordance with Paragraph 3 and **<u>Attachment A</u>**, within the five-year period identified in Paragraph 3, or it is found the documents he provided or provides in the future regarding his financial status are untrue, the entire unpaid balance shall become due and immediately payable without further notice by the Secretary.

4

7.    Defendants agree the total amount owed to the Plan under this Agreement is non-dischargeable in bankruptcy as a result of defalcation by Defendant Benson, while acting in a fiduciary capacity, pursuant to Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

8.    Each Party agrees to bear its own attorneys' fees, costs, and other expenses incurred by such Party in connection with any stage of this proceeding to date, including but not limited to, attorneys' fees that may be available under the Equal Access to Justice Act, as amended.

9.    All proofs of payment, notices, and other documents submitted by Defendants to the Regional Director of EBSA under the terms of this Consent Judgement shall be submitted to: United States Department of Labor, Employee Benefits Security Administration, Attention: Regional Director, 2300 Main St. | Suite 1100, Kansas City, Missouri 64108, with a reference to EBSA Case Number 60-108404.

10.    The Parties to this Consent Judgment expressly waive any and all claims of any nature, which each may have against the other, or any of their officers, agents, attorneys, employees, or representatives, arising out of or in connection with the Plan, or based on the Equal Access to Justice Act, as amended.

11.    The Court directs the entry of this Consent Judgment as a Final Order.

12.    The Court shall maintain jurisdiction over this matter solely for purposes of enforcing this Consent Judgment and Order.

13.    Nothing is in this Order is binding on any government agency, other than the United States Department of Labor, Employee Benefits Security Administration.

This __18th___ day of __May_____, 2022.

_____
THE HONORABLE JOHN M. GERRARD
UNITED STATES DISTRICT JUDGE

**PLAINTIFF MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VANWIJK**
Associate Regional Solicitor

s/ Boyce N. Richardson
**BOYCE N. RICHARDSON**
Attorney (Mo. Bar No. 62509)

OFFICE OF THE SOLICITOR
U.S. DEPARTMENT OF LABOR
2300 Main Street | Suite 10100
Kansas City, MO 64108
(816) 285-7270 (Direct)
(816) 285-7287 (Fax)
Richardson.Boyce.N@dol.gov
sol.kc.docket@dol.gov

Attorneys for the **Secretary of Labor**

**DEFENDANTS LINES OF COMMUNICATION, INC. AND SCOTT BENSON**

s/ Douglas Novotny
**DOUGLAS NOVOTNY**
Attorney (Neb. Bar No. 22703)
NOVOTNY LAW
18025 Oak Street | Suite B
Omaha, NE 68130
(402) 991-7643
doug@douglasnovotnylaw.com

Attorney for **Defendants**

**ATTACHMENT A**
**LINES OF COMMUNICATION, INC. 401(K) PLAN**
**PAYMENT SCHEDULE**

**I.**   **Total Amounts Owed**

| SSN | Last Name | First Name | Total Amt. Due |
|---|---|---|---|
| XXX-XX-5636 | Smith | Corey | $16,468.33 |
| XXX-XX-7536 | Roark | Eric | $15,625.35 |
| XXX-XX-4738 | Youngblood | Troy | $7,083.06 |
| XXX-XX-5097 | Reed | Brian | $2,596.15 |
| XXX-XX-1637 | Van Fosson | Rebecca | $1,456.38 |
| XXX-XX-8507 | Stuart | Charles | $2,279.96 |
| XXX-XX-0403 | Carstensen | Paul | $5,208.96 |
| XXX-XX-9656 | Loeffler | Justin | $3,357.01 |
| XXX-XX-6752 | Schleich | John | $15,089.01 |
| XXX-XX-4540 | Yakopec | Kevin | $1,815.34 |
|  |  |  |  |
|  |  | Total: | $70,979.55 |

**II.**   **Lump Sum *Pro Rata* Breakdown**

| Last Name | Lump Sum |
|---|---|
| Smith | $4,640.29 |
| Roark | $4,402.78 |
| Youngblood | $1,995.80 |
| Reed | $731.52 |
| Van Fosson | $410.37 |
| Stuart | $642.43 |
| Carstensen | $1,467.74 |
| Loeffler | $945.91 |
| Schleich | $4,251.65 |
| Yakopec | $511.51 |
|  |  |
| Total: | $20,000 |

**III.** **Outstanding Balances**

| SSN | Last Name | First Name | Total Amt. Due |
|---|---|---|---|
| XXX-XX-5636 | Smith | Corey | $11,828.04 |
| XXX-XX-7536 | Roark | Eric | $11,222.57 |
| XXX-XX-4738 | Youngblood | Troy | $5,087.26 |
| XXX-XX-5097 | Reed | Brian | $1,864.63 |
| XXX-XX-1637 | Van Fosson | Rebecca | $1,046.01 |
| XXX-XX-8507 | Stuart | Charles | $1,637.53 |
| XXX-XX-0403 | Carstensen | Paul | $3,741.22 |
| XXX-XX-9656 | Loeffler | Justin | $2,411.10 |
| XXX-XX-6752 | Schleich | John | $10,837.36 |
| XXX-XX-4540 | Yakopec | Kevin | $1,303.83 |
| | | | |
| | | Total: | $50,979.55 |